IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN T. HUFF FAMILY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.6:15-cv-03214-BP |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| THE MONARCH CEMENT COMPANY and | ) | |
| CITY WIDE CONSTRUCTION | ) | |
| PRODUCTS CO., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

TO:   COUNSEL FOR DEFENDANTS
Michael E. Callahan
Angela G. Nichols
Stinson Leonard Street LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106


PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, that plaintiff intends to serve a third party subpoena for the production of documents

on Strategic Accounting Service. A copy of the subpoena is attached hereto.

Dated: July 6, 2016


/s/ Gabriel Berg
Bryan O. Wade, #41939 (MO)
Ginger K. Gooch, #50302 (MO)
HUSCH BLACKWELL LLP
901 E. St. Louis Street, Suite 1800
Springfield, Missouri 65806

Telephone: (417) 268-4000
Facsimile: (417) 268-4040
Bryan.wade@huschblackwell.com
Ginger.gooch@huschblackwell.com

Gabriel Berg NY Fed. Bar #: 4148
*Pro Hac Vice*
KENNEDY BERG LLP
401 Broadway – Suite 1900
New York, NY 10013
Telephone: (212) 899-3400
gberg@kennedyberg.com

***Attorneys for Plaintiff***
***Steven T. Huff Family, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed and served electronically via CM/ECF in the United States District Court for the Western District of Missouri, with notice of same electronically served by the Court, addressed to:

Michael E. Callahan
Angela G. Nichols
Stinson Leonard Street LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
T: (816) 842-8600
F: (816) 691-3495
michael.callahan@stinsonleonard.com
angela.nichols@stinsonleonard.com
***Attorneys for Defendants***

Respectfully submitted,

*/s/ Gabriel Berg*
Bryan O. Wade, #41939 (MO)
Ginger K. Gooch, #50302 (MO)
HUSCH BLACKWELL LLP
901 E. St. Louis Street, Suite 1800
Springfield, Missouri 65806
Telephone: (417) 268-4000
Facsimile: (417) 268-4040

Bryan.wade@huschblackwell.com
Ginger.gooch@huschblackwell.com

Gabriel Berg NY Fed. Bar #: 4148
*Pro Hac Vice*
KENNEDY BERG LLP
401 Broadway – Suite 1900
New York, NY 10013
Telephone: (212) 899-3400
gberg@kennedyberg.com

**Attorneys for Plaintiff**
**Steven T. Huff Family, LLC**

# UNITED STATES DISTRICT COURT

### for the

Western District of Missouri

|  |  |  |
|---|---|---|
| STEVEN T. HUFF FAMILY, LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    6:15-cv-03214-BP |
| THE MONARCH CEMENT COMPANY and CITY WIDE CONSTRUCTION PRODUCTS CO. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    STRATEGIC ACCOUNTING SERVICE, 1908 EAST SUNSHINE ST, SPRINGFIELD, MISSOURI 65804 ATTN: BROOK BAIRD, PRINCIPAL

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Schedule A to this subpoena.

| Place: Kennedy Berg LLP<br>401 Broadway, Suite 1900<br>New York, NY 10013 | Date and Time:<br>07/27/2016 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/05/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Steven T. Huff Family, LLC                  , who issues or requests this subpoena, are:

Gabriel Berg, Kennedy Berg LLP, 401 Broadway, Suite 1900, New York, NY 10013, gberg@kennedyberg.com, (212) 899-3400

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.     Reference to any natural person shall include that person's successors, assigns, heirs, agents, attorneys and other representatives.

2.     Reference to any legal entity shall include that entity's current and former parents, subsidiaries and affiliates and each of their respective members, managers, officers, directors, employees, partners, agents, attorneys and other representatives.

3.     **"Communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.     **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

5.     **"Document"** means any writing, drawing, graph, chart, photograph, phonorecord, tape recording, email (including from personal email accounts), electronic or computerized data compilation, or other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable forum. A draft or non-identical copy is a separate document within the meaning of this term.

6.     **"Person"** means any natural person or any business, legal or governmental entity or association.

7.     Subject to the foregoing, the following are shorthand references for terms used in these Requests:

     a.     **"YOU"** or **"YOUR"** shall mean Strategic Accounting Services and/or Brook Baird and any other names or nicknames associated with Strategic Accounting Services and/or Brook Baird.

8.      Each of the Requests should be answered in accordance with the Definitions and Instructions contained herein and the Federal Civil Procedure Law and Rules. The text of each Request should be fully set forth, followed by your response, which should be clearly separated and labeled in accordance with each subsection of the Request and each of the Definitions and Instructions relating thereto. This subpoena is directed to Strategic Accounting Services and/or Brook Baird.

9.      You are requested to produce all documents in your possession, custody or control, including each document known to you that can be located, discovered or obtained by reasonably diligent efforts. All documents produced are to be clearly organized and labeled to correspond to each Request or as they are kept by you in the usual course of business, provided that you identify the individual file in which they were maintained. If you are not in the possession, custody or control of any responsive documents to a request, you shall so state in a written response.

10.      In order to bring within the scope of these Requests any and all conceivably relevant and responsive matters or documents which might otherwise be construed to be outside their scope:

       a.   The present tense shall be construed to include the past tense and vice versa;

       b.   The masculine shall be construed to include the feminine and vice versa; and

       c.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

2

11.     If any documents responsive to any of these Requests are not in your possession, custody or control, and cannot be obtained by you by reasonably diligent efforts, identify the persons from whom each such document may be obtained.

12.     For each document responsive to a Request which you are required to produce and which you refuse to produce, whether on privilege grounds or otherwise, you are required to indicate in writing:

   a.   The grounds on which you rely in refusing to make such production;

   b.   The author and the position or title of the author;

   c.   The addressee and the position or title of the addressee;

   d.   The indicated or blind copies;

   e.   The date on which the document was created, modified, amended, revised or otherwise formalized and issued;

   f.   A general description of the subject matter of the document;

   g.   The number of pages;

   h.   The attachments or appendices; and

   i.   All persons to whom distributed, shown or explained.

13.     In the event that any document called for hereby has been destroyed, discarded or otherwise disposed of, you are required to indicate in writing, with respect to the document:

   a.   The author and the position or title of the author;

   b.   The addressee and the position or title of the addressee;

   c.   The indicated or blind copies;

   d.   The date on which the document was created, modified, amended, revised or otherwise formalized and issued;

3

e.  A general description of the subject matter of the document;

f.  The number of pages;

g.  The attachments or appendices;

h.  All persons to whom distributed, shown or explained;

i.  The date of destruction or disposal;

j.  The reason for destruction or disposal; and

k.  The person destroying or disposing of the document.

14.  These Requests are continuing in nature and you are obligated to provide defendants with any additional documents which concern matters referred to herein and which come to your attention subsequent to the serving of your response to these Requests.

## REQUESTS

1.  Any and all documents relating to the preparation of any Projected Income Statements for Helix Heartland from 2012 to the present.

2.  Any and all communications relating to the preparation of Projected Income Statements for Helix Heartland from 2012 to the present.

3.  Any and all documents or information that informed the preparation of Projected Income Statements for Helix Heartland from 2012 to the present.

4.  Any and all documents and communications with Don Shuler relating to Helix Heartland.

5.  Any and all communications and documents with Helix Heartland.

4

Civil Action No.  6:15-cv-03214-BP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                            *Server's signature*

                                                   _____
                                                            *Printed name and title*

                                                   _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).