IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN T. HUFF FAMILY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case no.: 6:15-CV-03214-BP |
| | ) | |
| v. | ) | |
| | ) | |
| THE MONARCH CEMENT COMPANY, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT CITY WIDE CONSTRUCTION PRODUCTS CO.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant City Wide Construction Products Co. ("City Wide" or "Defendant") states the following for its Answer and Defenses to the First Amended Complaint of Steven T. Huff Family, LLC ("Plaintiff"):

1. Defendant admits that Plaintiff has filed this action but denies the allegations of misconduct. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 1 of Plaintiff's First Amended Complaint and, therefore, denies the same.

2. Defendant is without sufficient information to admit or deny the allegations in paragraph 2 of Plaintiff's First Amended Complaint and, therefore, denies the same.

3. Defendant is without sufficient information to admit or deny the allegations in paragraph 3 of Plaintiff's First Amended Complaint and, therefore, denies the same.

4. Defendant denies the allegations in paragraph 4 of Plaintiff's First Amended Complaint.

5.      Defendant denies all allegations of a "scam" or that defendants shorted Plaintiff of helix.  Defendant is without sufficient information to admit or deny the allegations concerning the alleged "whistleblower's" meeting with Plaintiff's representatives, including the statements he made to Plaintiff's representatives, and, therefore, denies the same.  Defendant denies the remaining allegations in paragraph 5 of Plaintiff's First Amended Complaint.

6.      Defendant denies all implications in paragraph 6 of Plaintiff's First Amended Complaint of any wrongdoing by defendants. Defendant is without sufficient information to admit or deny the allegations concerning the alleged "whistleblower's" meeting with Plaintiff's representatives, including the statements he made to Plaintiff's representatives or his state of mind, and, therefore, denies the same.  Defendant denies the remaining allegations in paragraph 6 of Plaintiff's First Amended Complaint.

7.      Defendant denies all implications in paragraph 7 of Plaintiff's First Amended Complaint of any wrongdoing by defendants and all allegations of a "shorting of Helix" by defendants. Based on discovery conducted to date, Defendant further denies that there has been any scientific testing conducted by Plaintiff or on Plaintiff's behalf that confirms any of the alleged statements by the alleged "whistleblower."  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 7, and, therefore, denies the same.

8.      Defendant denies any implication that defendants built Pensmore and all allegations of misconduct in paragraph 8 of Plaintiff's First Amended Complaint, including the allegation that defendants failed to comply with any specifications provided.  Defendant is without information to admit or deny Plaintiff's business vision or motives and, therefore, denies the same.  Defendant denies the remaining allegations in paragraph 8.

- 2 -

9.     The Monarch Cement Company's 2015 Annual Report speaks for itself. Defendant denies any allegations inconsistent with the same. Defendant denies the remaining allegations in paragraph 9 of Plaintiff's First Amended Complaint.

10.     Defendant admits that Plaintiff has filed its First Amended Complaint asserting the claims identified in paragraph 10.  Defendant denies, however, that any of the claims have merit, that Plaintiff is entitled to any damages and that defendants committed any misconduct. Defendant denies the remaining allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11.     Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's First Amended Complaint and, therefore, denies the same.

12.     Defendant admits the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13.     Defendant admits the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14.     Paragraph 14 of Plaintiff's First Amended Complaint calls for a legal conclusion. As such, no response is required.

15.     Paragraph 15 of Plaintiff's First Amended Complaint calls for a legal conclusion. As such, no response is required.

16.     The Monarch Cement Company's 2015 Annual Report speaks for itself. Defendant denies any allegations inconsistent with the same. Defendant admits that Monarch and City Wide file consolidated federal and Kansas tax returns but denies that they file a consolidated Missouri tax return.  Defendant denies the remaining allegations in paragraph 16 of Plaintiff's First Amended Complaint.

CORE/0053865.0033/127820754.4

17. Defendant admits that The Monarch Cement Company's website, in reference to Monarch subsidiaries, states, "We don't stop at just making the highest quality cement. The Monarch family of companies extends into the realm of ready-mixed concrete, concrete products, and sundry building materials. Each of these companies has the same dedication to quality and craftsmanship that the Monarch name has represented for nearly a century." Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant admits that Monarch and City Wide have common officers and directors, that Mr. Wulf is the Chairman of both Monarch and City Wide, that Ms. Roe is Monarch's CFO and a City Wide director, and that Mr. Kasten is Monarch's Controller and a City Wide Vice President. Defendant denies the remaining allegations in paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant denies any implication that the alleged "whistleblower" was paid by Monarch, not by City Wide, or that Monarch exercises "complete control" over City Wide's payroll. Defendant admits that Monarch processes City Wide's checks and generates City Wide's invoices on City Wide's behalf. Defendant denies the remaining allegations in paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant is without sufficient information to admit or deny the allegations in paragraph 21 of Plaintiff's First Amended Complaint and, therefore, denies the same.

22. Defendant is without sufficient information to admit or deny the allegations in paragraph 22 of Plaintiff's First Amended Complaint and, therefore, denies the same.

- 4 -

23.     Defendant is without sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's First Amended Complaint and, therefore, denies the same.

24.     Defendant is without sufficient information to admit or deny the allegations in paragraph 24 of Plaintiff's First Amended Complaint and, therefore, denies the same.

25.     Defendant is without sufficient information to admit or deny the allegations in paragraph 25 of Plaintiff's First Amended Complaint and, therefore, denies the same.

26.     Defendant is without sufficient information to admit or deny the allegations in paragraph 26 of Plaintiff's First Amended Complaint and, therefore, denies the same.

27.     Defendant admits that concrete hardens after a period of time.  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 27 of Plaintiff's First Amended Complaint and, therefore, denies the same.

28.     Defendant admits that it is its understanding that Monarch has recently taken itself from a public company to a private company in part because of the increasingly strict regulatory requirements for public companies.  Defendant is without sufficient information to admit or deny the allegations concerning whether Plaintiff solicited bids or its reasoning for selecting the vendors chosen and, therefore, denies the same.  Defendant denies the remaining allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29.     Defendant admits that the Monarch family of companies manufactures cement and produces ready-mixed concrete, concrete products, and sundry building materials, that operations and sales are focused in Kansas, Iowa, Nebraska, Northwest Arkansas, Northern Oklahoma and Western Missouri and that City Wide, a Monarch subsidiary located in Springfield and Ozark, Missouri, miles from Highlandville, sells concrete products and sundry building materials.  Defendant denies the remaining allegations in paragraph 29 of Plaintiff's

- 5 -

First Amended Complaint. With respect to footnote 2, Defendant denies that Monarch's public filings only show consolidated reporting of its and its subsidiaries financial performance.

30. The referenced purchase orders, e-mails and invoices speak for themselves and Defendant denies any allegations inconsistent with the same. The statement that the parties had an agreement made on a handshake is a legal conclusion to which no response is required. If a response is required, Defendant denies the same. Defendant denies the remaining allegations in paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant admits that a challenge in mixing Helix with cement is clumping or the formation of "hairballs." Defendant denies any implication that defendants poured the concrete or that the Helix was mixed by City Wide in a way inconsistent with instructions to City Wide from Plaintiff's representatives. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 32 of Plaintiff's First Amended Complaint and, therefore denies the same.

33. Defendant admits that Don Shuler, along with other then City Wide employees, worked to reduce the "hairball" problem caused by the use of Helix, including through experimentation with a powered shaker. Defendant denies the remaining allegations in paragraph 33 of Plaintiff's First Amended Complaint.

34. The correspondence referenced in paragraph 34 speaks for itself. Defendant denies any allegations inconsistent with the same. Defendant denies the remaining allegations in paragraph 34 of Plaintiff's First Amended Complaint.

35.     Defendant admits that Plaintiff determined the amount of Helix to be added each truckload of concrete. Defendant is without sufficient information concerning the "minimum Helix requirements" to admit or deny whether the dosages alleged in paragraph 35 meet those requirements and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 35 of Plaintiff's First Amended Complaint.

36.     The correspondence referenced in paragraph 36 speaks for itself.  Defendant denies any allegations inconsistent with the same.  Defendant is without information stuffiest to admit or deny the remaining allegations and, therefore, denies the same.

37.     Defendant admits that Don Shuler testified that he and John Jenson confirmed the amount of Helix to be used with Plaintiff's representatives while working on the project. Defendant denies the remaining allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendant is without sufficient information to admit or deny the allegations in paragraph 38 of Plaintiff's First Amended Complaint and, therefore, denies the same.

39.     Defendant admits that Helix was delivered to its facilities.  Defendant is without sufficient information to admit or deny the allegation concerning Plaintiff's storage expenses, and, therefore, Defendant denies the same. Defendant denies the remaining allegations in paragraph 39 of Plaintiff's First Amended Complaint.

40.     Defendant denies the allegations in paragraph 40 of Plaintiff's First Amended Complaint.

41.     Defendant denies the allegations in paragraph 41 of Plaintiff's First Amended Complaint.

CORE/0053865.0033/127820754.4

42.     Defendant admits that City Wide had a sufficient number of boxes of Helix for each pour at Pensmore.   Defendant denies the remaining allegations in paragraph 42 of Plaintiff's First Amended Complaint.

43.     Defendant denies the allegations in paragraph 43 of Plaintiff's First Amended Complaint.

44.     Defendant denies the allegations in Paragraph 44 including in the chart contained in paragraph 44 of Plaintiff's First Amended Complaint.

45.     Defendant denies the allegations in paragraph 45 of Plaintiff's First Amended Complaint.

46.     Defendant admits that Ms. Roe was planning to build a home near Table Rock Lake in Missouri in 2011, that she learned about the TF Forming System and Helix from Mr. Rush.  Defendant denies the remaining allegations in paragraph 46 of Plaintiff's First Amended Complaint.

47.      The correspondence identified in paragraph 47 speaks for itself and Defendant denies any allegations inconsistent with the same.  Defendant denies the remaining allegations in paragraph 47 of Plaintiff's First Amended Complaint

48.     Defendant admits that the Roes took a tour of Pensmore, organized by Mr. Shuler and led by TF Forming System employees.  Defendant further admits that the Roes' builder was instructed to use the TF Forming System and Helix in the Roes' home.  Defendant denies the remaining allegations in paragraph 48 of Plaintiff's First Amended Complaint.

49.     The correspondence referenced in paragraph 49 speaks for itself.   Defendant denies any allegations inconsistent with the same.  It is Defendant's understanding that the Roes paid all amounts owed to TF Forming Systems.

CORE/0053865.0033/127820754.4

50.    Defendant is without sufficient information to admit or deny the allegations concerning the Roes' builder's familiarity with Helix and, therefore, denies the same.  It is Defendant's understanding that the Roes received estimates for the TF Forming products from TF Forming Systems and for the Helix from Mr. Shuler based on information he received from Polytorx.  It is also Defendant's understanding that the Roes asked Mr. Shuler to communicate directly with their builder about using Helix.

51.    The correspondence referenced in paragraph 51 speaks for itself.  Defendant denies any allegations inconsistent with the same.  Defendant has insufficient information to admit or deny allegations concerning Polytorx's practice and, therefore, denies the same.  Defendant denies the remaining allegations in paragraph 51 of Plaintiff's First Amended Complaint.

52.    The correspondence referenced in paragraph 52 speaks for itself.  Defendant denies any allegations inconsistent with the same.  Defendant has insufficient information to admit or deny the remaining allegations in paragraph 52 of Plaintiff's First Amended Complaint and, therefore, denies the same.

53.    The correspondence referenced in paragraph 53 speaks for itself.  Defendant denies any allegations inconsistent with the same.

54.    The invoice referenced in paragraph 54 speaks for itself.  Defendant denies any allegations inconsistent with the same.

55.    Defendant admits that Ms. Roe has a master's degree in accounting and has worked her entire decades-long career at Monarch.  It is Defendant's understanding that, as CFO of Monarch, Ms. Roe oversees Monarch's finances, including its accounting, and is also

involved in Monarch's insurance. Defendant denies the remaining allegations in paragraph 55 of Plaintiff's First Amended Complaint.

56.     Defendant admits that Ms. Roe testified that City Wide does not sell Helix and that Mr. Shuler and City Wide do not manufacture Helix. The correspondence referenced in paragraph 56 speaks for itself. Defendant denies anything inconsistent with the same. Defendant denies the remaining allegations in paragraph 56 of Plaintiff's First Amended Complaint.

57.     Defendant admits that Ms. Roe paid Mr. Shuler's invoice relating to Helix. Defendant denies the remaining allegations in paragraph 57.

58.     The documents referenced in paragraph 58 speak for themselves. Defendant denies anything inconsistent with the same.

59.     Defendant denies the allegations in paragraph 59 of Plaintiff's First Amended Complaint.

60.     Defendant denies the allegations in paragraph 60 of Plaintiff's First Amended Complaint.

61.     Defendant admits that Mr. Shuler testified that he attempted to become an exclusive distributor of Helix for Polytorx, that he attempted to raise the money needed to buy a sufficient amount to be an exclusive distributor but was unable to do so. Defendant denies the remaining allegations in Paragraph 61 of Plaintiff's First Amended Complaint.

62.     Defendant admits that Mr. Shuler testified that he purchased Helix from Polytorx and used that Helix to replace the Helix he borrowed from the Helix stored at City Wide. Defendant denies the remaining allegations in paragraph 62 of Plaintiff's First Amended Complaint.

- 10 -

63.     Defendant states that Mr. Shuler testified that he used Helix purchased from Polytorx to replace Helix he borrowed from the Helix stored at City Wide for Ms. Roe's home and denies any allegations inconsistent with that testimony.  Defendant denies the remaining allegations in paragraph 63 of Plaintiff's First Amended Complaint.

64.     Defendant denies the allegations in paragraph 64 of Plaintiff's First Amended Complaint.

65.     Defendant denies the allegations in paragraph 65 of Plaintiff's First Amended Complaint.

66.     Defendant admits that Mr. Shuler testified that he does not recall the spreadsheet referenced in paragraph 66, which appears to have been collected from data from Mr. Shuler's computer while employed at City Wide.  Defendant denies the remaining allegations in paragraph 66 in Plaintiff's First Amended Complaint.

67.     The referenced discovery responses speak for themselves.  Defendant denies any allegations inconsistent with the same.  Defendant further denies that there are any inconsistencies in defendants' discovery responses.  Defendant denies the remaining allegations in paragraph 67 of Plaintiff's First Amended Complaint.

68.     Defendant admits that Mr. Shuler testified that Kay Concrete picked up the Helix used in the Roes' home, that he drove a truck from 2009 through 2012 but that he did not use his truck to deliver Helix to the Roes.  Defendant denies the remaining allegations in paragraph 68 of Plaintiff's First Amended Complaint.

69.     Defendant denies any "scam."  Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 69 of Plaintiff's First Amended Complaint and, therefore, denies the same.

- 11 -

70.     Defendant is without sufficient information to admit or deny what the alleged "whistleblower" told Plaintiff's representatives and, therefore, denies the same. Defendant admits that Plaintiff's representatives provided City Wide with the amount to Helix to be used for the pours but denies that any shorting occurred. Defendant denies the remaining allegations in paragraph 70 of Plaintiff's First Amended Complaint.

71.     Defendant is without sufficient information to admit or deny what the alleged "whistleblower" told Plaintiff's representatives and, therefore, denies the same. Defendant denies that any shorting occurred and denies that boxes of Helix were hidden. Defendant denies the remaining allegations in paragraph 71 of Plaintiff's First Amended Complaint.

72.     Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff's representatives' hopes or conduct during the alleged meeting with the alleged "whistleblower" or the allegations concerning the alleged statements made by the alleged "whistleblower" and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 72 of Plaintiff's First Amended Complaint, including any implication that any reduction in the alleged "whistleblower's" hours was related to the alleged but non-existent shorting scheme.

73.     Defendant denies that the alleged statements made by the alleged "whistleblower" are facts. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 73 of Plaintiff's First Amended Complaint and, therefore, denies the same.

74.     Defendant denies the allegations in paragraph 74 of Plaintiff's First Amended Complaint.

75.     As to the allegations in paragraph 75 of Plaintiff's First Amended Complaint, Defendant specifically denies any allegation of "shorting" of Helix by Defendant. Defendant is

- 12 -

without sufficient information to admit or deny the remaining allegations in paragraph 75 of Plaintiff's First Amended Complaint and, therefore, denies the same.

76. As to the allegations contained in paragraph 76 of Plaintiff's First Amended Complaint, Defendant denies that any shorting occurred, and that the testing could therefore confirm such. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 76 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

77. Defendant admits that Mr. Hug is a member of the American Concrete Institute, the American Society of Testing Material and the National Ready Mix Association but deny the remaining allegations in paragraph 77 of Plaintiff's First Amended Complaint.

78. Defendant admits the allegations in paragraph 78 of Plaintiff's First Amended Complaint.

79. Defendant has insufficient information concerning what Plaintiff means by "work" referenced in paragraph 79 to admit or deny the allegations relating to whether the manual referenced is authoritative for inspecting such "work" and, therefore, denies the same. The manual referenced in paragraph 79 speaks for itself. Defendant denies any allegations inconsistent with the same.

80. Defendant denies the allegations in paragraph 80 of Plaintiff's First Amended Complaint.

81. Defendant denies the allegations contained in paragraph 81 of Plaintiff's First Amended Complaint.

82. Defendant denies the allegations contained in paragraph 82 of Plaintiff's First Amended Complaint.

- 13 -

83.     Defendant denies the allegations contained in paragraph 83 of Plaintiff's First Amended Complaint.

84.     Defendant admits that Mr. Cotter testified that plasticizer is usually added at the site because it becomes less effective after 45 or 50 minutes.  Defendant is without sufficient information concerning Plaintiff's definition of "quickly" as used in paragraph 84 to admit or deny allegations relating to the same and, therefore, denies the same.  Defendant denies the remaining allegations in paragraph 84 of Plaintiff's First Amended Complaint.

85.     Defendant admits that both Mr. Shuler and Mr. Cotter testified that they added Plasticizer at the Pensmore job site.  Defendant denies the remaining allegations in paragraph 85 of Plaintiff's First Amended Complaint.

86.     Defendant admits that Mr. Smith testified that he saw Mr. Cotter add plasticizer at the Pensmore job site.  Defendant denies the remaining allegations in paragraph 86 of Plaintiff's First Amended Complaint.

87.     The invoices referenced in paragraph 87 speak for themselves.  Defendant denies any allegations inconsistent with the same.  Defendant admits that Mr. Cotter testified that the amount of plasticizer needed was sometimes a judgment call.    Defendant denies the remaining allegations contained in paragraph 87 of Plaintiff's First Amended Complaint.

88.     The referenced ethics policy speaks for itself.  Defendant denies anything inconsistent with the same.

89.     Defendant denies that there was a "shorting scam."  Defendant admits that Mr. Wulf testified that he had a conversation with Mr. Huff where he wondered aloud what else Mr. Schuler may had done in reference to Mr. Shuler's failure to maintain a driver's license. Defendant also admits that Mr. Shuler and Mr. Wulf testified that Mr. Shuler was terminated for

- 14 -

failure to maintain a driver's license.  Defendant denies the remaining allegations in paragraph 89 of Plaintiff's First Amended Complaint.

90.     The referenced annual report speaks for itself.  Defendant denies any allegations inconsistent with the same.  Defendant denies the remaining allegations in paragraph 90 of Plaintiff's First Amended Complaint.

91.     Defendant admits that the parties have engaged in discovery but state that the documents produced and discovery responses provided are the best evidence of the documents and discovery responses received from Defendants.  Defendant denies any allegations inconsistent with the same.

92.     Defendant denies the allegations in paragraph 92 of Plaintiff's First Amended Complaint.  As o the allegations in footnote three, Defendant admits the parties entered into a standstill and tolling agreement and admit the agreement was extended.  Defendant denies the remaining factual allegations in footnote three.

## COUNT I (FRAUD)

93.     Defendant incorporates its responses contained in all other paragraphs of this Answer as if set forth fully herein.

94.     Defendant denies the allegations in paragraph 94 of Plaintiff's First Amended Complaint.

95.     Defendant denies the allegations in paragraph 95 of Plaintiff's First Amended Complaint.

96.     Defendant denies the allegations in paragraph 96 of Plaintiff's First Amended Complaint.

- 15 -

97. Defendant denies the allegations in paragraph 97 of Plaintiff's First Amended Complaint.

98. Defendant denies the allegations in paragraph 98 of Plaintiff's First Amended Complaint.

## COUNT II (BREACH OF CONTRACT)

99. Defendant incorporates its responses contained in all other paragraphs of this Answer as if set forth fully herein.

100. Defendant admits that City Wide provided concrete to Plaintiff. Defendants deny that City Wide and Monarch were hired by Plaintiff to construct the Pensmore walls or that Plaintiff paid either City Wide or Monarch to construct the Pensmore walls. Defendant further denies that Mr. Shuler or the alleged "whistleblower" have spoken for or have the authority to speak for the defendants in this litigation. Whether Plaintiff had a binding contract with either defendant is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies the remaining allegations in paragraph 100 of Plaintiff's First Amended Complaint.

101. Defendant denies the allegations in paragraph 101 of Plaintiff's First Amended Complaint.

102. Defendant denies the allegations in paragraph 102 of Plaintiff's First Amended Complaint.

## COUNT III (BREACH OF IMPLIED COVENANT)

103. Defendant incorporates its responses contained in all other paragraphs of this Answer as if set forth fully herein.

- 16 -

104.    Paragraph 104 of Plaintiff's First Amended Complaint calls for a legal conclusion. As such, no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 104 of Plaintiff's First Amended Complaint.

105.    Defendant denies the allegations in paragraph 105 of Plaintiff's First Amended Complaint.

106.    Defendant denies the allegations in paragraph 106 of Plaintiff's First Amended Complaint.

107.    Defendant denies the allegations in paragraph 107 of Plaintiff's First Amended Complaint.

108.    Defendant denies the allegations in paragraph 108 of Plaintiff's First Amended Complaint.

## COUNT IV (PROMISSORY ESTOPPEL IN THE ALTERNATIVE)

109.    Defendant incorporates its responses contained in all other paragraphs of this Answer as if set forth fully herein.

110.    Defendant denies the allegations in paragraph 110 of Plaintiff's First Amended Complaint.

111.    Defendant denies the allegations in paragraph 111 of Plaintiff's First Amended Complaint.

112.    Defendant denies the allegations in paragraph 112 of Plaintiff's First Amended Complaint.

## COUNT V (CONVERSION)

113.    Defendant incorporates its responses contained in all other paragraphs of this Answer as if set forth fully herein.

- 17 -

114.    Defendant denies the allegations in paragraph 114 of Plaintiff's First Amended Complaint.

115.    Defendant denies the allegations in paragraph 115 of Plaintiff's First Amended Complaint.

116.    Defendant denies the allegations in paragraph 116 of Plaintiff's First Amended Complaint.

117.    Defendant denies the allegations in paragraph 117 of Plaintiff's First Amended Complaint.

## COUNT VI (UNJUST ENRICHMENT)

118.    Defendant incorporates its responses contained in all other paragraphs of this Answer as if set forth fully herein.

119.    Defendant denies the allegations in paragraph 119 of Plaintiff's First Amended Complaint.

120.    Defendant denies the allegations in paragraph 120 of Plaintiff's First Amended Complaint.

121.    Defendant denies the allegations in paragraph 121 of Plaintiff's First Amended Complaint.

WHEREFORE, Defendant requests judgment in its favor and against Plaintiff, for its costs and expenses herein incurred, and for such other and further relief that the Court deems just and proper under the circumstances.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Defendant denies each and every allegation contained in Plaintiff's First Amended Complaint not specifically admitted in this Answer.

- 18 -

2.     Defendant denies Plaintiff is entitled to any relief requested in its First Amended Complaint and denies all allegations of damages, losses, injuries, and/or breaches contained in all paragraphs, including all "WHEREFORE" paragraphs and subparts thereto.

3.     Plaintiff's First Amended Complaint fails to state a claim or cause of action upon which relief can be granted against Defendant.

4.     Plaintiff's claims fails to meet the Fed. R. Civ. P. 8(d)(1) requirement that a claim be "short, concise, and direct."

5.     Plaintiff's claims are barred, in whole or in part, by the principles of waiver, estoppel, ratification, and/or acquiescence.

6.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

7.     Plaintiff fails to sufficiently plead facts from which Defendant could be held liable under respondeat superior for the alleged actions of an employee or employees of one or both of the Defendants.

8.     Plaintiff fails to state a claim that Monarch is the "alter ego" of City Wide or that City Wide is the "alter ego" of Monarch.

9.     Plaintiff's fraud claim fails to meet the heightened pleading standard of Fed. R. Civ. P. 9(b).

10.     If Plaintiff incurred damages, which Defendant denies, then those damages were caused by Plaintiff or others within Plaintiff's control, and not by Defendant.

11.     Any recovery must be reduced because of Plaintiff's failure to mitigate its damages.

12.     Plaintiff's claims are barred, in whole or in part, by the statute of frauds and/or the parol evidence rule.

- 19 -

13.     Plaintiff's claims are barred by the doctrine of unclean hands.

14.     Plaintiff's breach of contract claim fails because the parties did not enter into a contract (failure of consideration, lack of consideration and no meeting of the minds).

15.     Plaintiff did not reasonably rely on any statements or representations alleged in the Complaint.

16.     Defendant at all times acted in good faith.

17.     If the parties did have a contract, which Defendant denies, Defendant fully performed all obligations under any alleged Contract.

18.     Plaintiff lacks standing to sue.

19.     Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

20.     Plaintiff's claims must fail for a lack of reasonable reliance.

21.     Plaintiff's claims must fail because there is no privity of contract between Plaintiff and Defendant.

22.     Any damages suffered by Plaintiff were the result of unrelated, pre-existing, or subsequent conditions unrelated to Defendant's conduct.

23.     Any damages suffered by Plaintiff were the result of intervening and/or supervening causes.

24.     Defendant's conduct was consistent with the parties' course of performance.

25.     Defendant's conduct was justified.

26.     An award of the punitive/exemplary damages sought would violate the due process and equal protection provisions of the Fifth, Eighth, and Fourteenth Amendments to the

- 20 -

United States Constitution, as well as protections under the Constitution and/or the common law and public policies of the State of Missouri.

27. Defendant reserves the right to hereafter plead or disclose any affirmative defense or any other matter constituting an avoidance or affirmative defense once it has had an opportunity to conduct discovery.

Dated: August 12, 2016

Respectfully Submitted,

/s/ Angela G. Nichols
Michael E. Callahan  MO Bar # 49552
Angela G. Nichols  MO Bar # 56870
Ashley E. Dillon MO Bar # 65877
STINSON LEONARD STREET LLP
1201 Walnut, Suite 2800
Kansas City, Missouri 64106
Tel:    (816) 842-8600
Fax:    (816) 691-3495
michael.callahan@stinson.com
angela.nichols@stinson.com
ashley.dillon@stinson.com
ATTORNEYS FOR DEFENDANTS

CORE/0053865.0033/127820754.4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of August, 2016, a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the Western District of Missouri, with notice of same being electronically served by the Court, addressed to:

Bryan O. Wade
Ginger K. Gooch
Husch Blackwell LLP
901 St. Louis Street
Suite 1800
Springfield, MO 65806
Tel: (417) 268-4000
Fax: (417) 268-4040
bryan.wade@huschblackwell.com
ginger.gooch@huschblackwell.com

Gabriel Berg
Kennedy Berg LLP
401 Broadway – Suite 1900
New York, NY 10013
Tel: (212) 899-3400
gberg@kennedyberg.com

ATTORNEYS FOR PLAINTIFF

*s/ Angela G. Nichols*
Attorney for Defendants

22